# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 5:22-cr-00019 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TROY WASHINGTON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Troy Washington ("Washington"). See Record Document 54. The United States of America ("the Government") opposed the Motion. See Record Document 57. Washington did not reply. For the reasons set forth below, Washington's Motion is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 26, 2022, a federal grand jury returned a one-count indictment against Washington, charging him with Felon in Possession of a Firearm. See Record Document 1 at 1. On June 8, 2022, pursuant to a written plea agreement, Washington pled guilty to Count 1 in violation of 18 U.S.C. § 922(g)(1). See Record Document 34. On October 5, 2022, he was sentenced to 48 months' imprisonment to run concurrently with the sentence imposed in state court. See Record Documents 48 & 49. On July 21, 2023, he filed the instant § 2255 Motion. See Record Document 54.

## LAW AND ANALYSIS

Washington challenges his conviction in light of the Supreme Court decision in N.Y. Rifle & Pistol Assoc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111 (2022). See Record Document

54 at 1. He argues § 922(g)(1) is unconstitutional as applied to him; thus, he should be resentenced and released from prison. See Record Document 54-1 at 1. In addition to Bruen, Washington cites several cases throughout his Motion to support his argument. From these cases, he contends Bruen "announced a new rule of law that is retroactive to cases on collateral review as explained herein," and therefore, this Court has subject matter jurisdiction to decide his Motion. See Record Document 54-1 at 15. Additionally, Washington argues Bruen "abrogates Second Amendment precedent and…barring him from possessing a gun for protection in his home under the Second Amendment is not consistent with the Nation's historical [t]radition of [f]irearm [r]egulation and violation his 'right' to bear arms under the Second Amendment." See id. Thus, he submits § 922(g)(1) is unconstitutional as applied to him. See id. at 15, 16.

In its opposition, the Government argues Washington has not met the procedural bar for the Court to consider Bruen, which regardless, does not offer him relief. See Record Document 57 at 6. While Bruen can apply retroactively on collateral review, Washington cannot establish cause and prejudice. See id. at 6–9. Furthermore, he cannot show his actual innocence because he fails to satisfy the actual innocence standard. See id. at 10. Thus, the Government submits he cannot overcome the procedural bar for the Court to consider Bruen. See id. at 23. Additionally, the Government asserts that even though Washington cites to several cases in his Motion, he presents no arguments. See id. at 22. The Government cites to a variety of cases holding that § 922(g)(1) does not violate the Second Amendment, and Bruen does not invalidate § 922(g)(1). See id. at 23. For these reasons, the Government submits that his Motion should be denied. See id. at 1.

**I. Section 2255 Standard.**

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F. 2d 228, 231–32 (5th Cir. 1991) (citing U.S. v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592 (1982)). Consequently, relief under § 2255 is quite limited, reaching only instances where (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum, or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Stated differently, § 2255 affords relief only to issues of constitutional or jurisdictional magnitude—those that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F. 2d 367, 368 (5th Cir. 1992). Additionally, the Fifth Circuit has held a claim is not procedurally barred from collateral review if the defendant can show "cause for the default and actual prejudice as a result." U.S. v. Robinson, 323 Fed. Appx. 340, 341 (5th Cir. 2009).

"To show cause for a procedural default, a movant must 'show that "some objective factor external to the defense" prevented him from raising on direct appeal the claim he now advances.'" Id. at 342 (quoting U.S. v. Guerra, 94 F. 3d 989, 993 (5th Cir. 1996) (citation omitted)). To demonstrate actual prejudice, a movant must show "'not merely that the errors…created a possibility of prejudice, but that they worked to his actual and substantial disadvantage.'" Id. (quoting Hughes v. Quarterman, 530 F. 3d 336, 341 (5th Cir. 2008) (internal quotation marks and citation omitted)).

"Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent." U.S. v. Stamper, No. 19-00033, 2021 WL 3847816, at *4 (W.D. La. Aug. 27, 2021) (citing Bousley v. U.S., 523 U.S. 614, 622 (1998)). If the defendant cannot illustrate "a 'colorable showing of factual innocence,'" he fails to demonstrate a fundamental miscarriage of justice. Id. (citing U.S. v. Flores, 981 F. 2d 231, 236 (5th Cir. 1993)).

Section § 2255(f) discuss the one-year period of limitation to bring a § 2255 motion. Paragraph (f)(3) is pertinent to the instant case and provides: "The limitation period shall run from the latest of…the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review…." 28 U.S.C. § 2255(f)(3). Paragraph (f)(3) only applies "if the right has been (1) 'newly recognized' by the Supreme Court and (2) made retroactively applicable to cases on collateral review." Kraut v. U.S., No. 18-462, 2024 WL 4544122, at *2 (quoting Dodd v. U.S., 545 U.S. 353, 358, 125 S. Ct. 2478 (2005)).

The Fifth Circuit has held that "to determine whether the Supreme Court initially recognized the asserted right, and thus whether the § 2255(f)(3) clock has been reset, the court must first determine if a case announces a 'new rule' that may be asserted retroactively on collateral review." U.S. v. London, 937 F. 3d 502, 506 (5th Cir. 2019). "'[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government.'" Id. at 507 (quoting Teague v. Lane, 489 U.S. 288, 301, 109 S. Ct. 1060 (1989)).

## II. Constitutionality of § 922(g)(1).

Since the filing of the instant Motion, new cases addressing the constitutionality of § 922(g)(1) have been published. Therefore, the Court will provide an overview of the updated, relevant law. The Second Amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. However, it is well-established that, ""[l]ike most rights, the right secured by the Second Amendment is not unlimited." D.C. v. Heller, 554 U.S. 570, 626, 128 S. Ct. 2783, 2817 (2008). Thus, under the Supreme Court's most recent guidance in Bruen, courts must engage in a two-step inquiry to determine whether a regulation placing restrictions on a party's Second Amendment rights is constitutional. Bruen, 597 U.S. at 24, 142 S. Ct. at 2129–30. First, a court must ask whether "the Second Amendment's plain text covers an individual's conduct." Id. If the Second Amendment does cover the individual's conduct, the court then must ask whether the government has satisfied its burden of showing "the regulation is consistent with this Nation's historical tradition of firearm regulation." Id. Only where the regulation is "consistent with the Second Amendment's text and historical understanding" can it pass constitutional muster. Id. at 26, 2131.

Recently, in U.S. v. Diaz, the Fifth Circuit analyzed an as-applied constitutional challenge to § 922(g)(1) under Bruen. 116 F. 4th 458 (5th Cir. 2024). The Court held that a charge serving as a predicate for a defendant's § 922(g)(1) charge must rely on previous history. Id. at 467. A felon is among "the people" protected by the Second Amendment. Id. at 466. "The plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)." Id. at 467. To satisfy its burden under Bruen, "the government must 'identify a

5

well-established and representative historical analogue, not a historical twin.'" Id. Furthermore, the "[e]vidence must be 'relevantly similar' to the challenged law." Id. When a court assesses similarly, it should "consider 'whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified.'" Id.

**III. Analysis.**

The Supreme Court has "interpreted the limitation period under § 2255(f)(3) and held that 'if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion.'" U.S. v. Ronnie Davis, No. 22-112, 2024 WL 5246603, at *3 (E.D. La. Dec. 30, 2024) (quoting Dodd, 545 U.S. 353, 357 (2005)). Here, § 2255(f)(3) does not apply because no right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review. See Kraut, 2024 WL 4544122, at *2.

In fact, "several courts within the Fifth Circuit have determined that the Bruen decision does not set forth a 'new rule' as to § 922(g)(1) and is consistent with Fifth Circuit precedent, which recognizes § 922(g)(1) as constitutional based on the text and history of the Second Amendment." Ronnie Davis, 2024 WL 5246603, at *3 (italics omitted). This Court, as well as other district courts, finds that "Bruen did not establish a newly recognized right or make that right retroactively applicable on collateral review." Id. at *4 (italics omitted). See Kraut, 2024 WL 4544122, at *2; Contreras-Orosco v. U.S., No. 23-00186, 2024 WL 4341551, at *2 (N.D. Tex. Sept. 27, 2024). Additionally, several courts, including the Fifth Circuit in Diaz, have upheld § 922(g)(1) under an as-applied challenge. See Diaz, 116 F. 4th at 471, U.S. v. Garner, No. 24-00112-01, 2024 WL 4820794 (W.D.

6

La. Nov. 18, 2024), U.S. v. Crump, No. 24-00191-01, 2024 WL 4884420 (W.D. La. Nov. 25, 2024).

Washington has failed to assert an argument demonstrating that Bruen or the cases thereafter established a new right that is retroactively applicable on collateral review. Instead, he merely cites to several cases and makes conclusory statements in his Motion, which is not enough to successfully challenge his sentence. Ultimately, Washington's failure to demonstrate Bruen established a newly recognized right and made that right retroactively applicable on collateral review, such as in a § 2255 motion, is fatal to his Motion.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Washington's a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 54) is **DENIED**.

An Order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 8th day of January, 2025.

UNITED STATES DISTRICT COURT JUDGE